IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Amazon Produce Network, LLC** | : | CIVIL ACTION |
| Mullica Hill, NJ | : | |
| | : | |
| vs. | : | |
| | : | |
| **American President Lines a/k/a APL** | : | |
| 116 Inverness Drive East, Suite 400 | : | |
| Englewood, Colorado 80112-5125 | : | |

## COMPLAINT IN ADMIRALTY *IN REM AND IN PERSONAM*

### Parties

1. Amazon Produce Network, LLC is a corporation with an office and place of business located in New Jersey.

2. Plaintiff is a shipper and/or receiver/consignee of fruit who regularly imports its product on board ocean vessels arriving in the ports of the United States.

3. Defendant, American President Lines a/k/a APL ("APL") is, on information and belief, a corporation with an office and place of business located at 116 Inverness Drive East, Suite 400, Englewood, Colorado. At all times material hereto, APL was the owner, charterer and/or operator of the vessels involved with the shipment involved in this litigation.

4. The vessel owned and/or operated by the above defendants has used the ports of the Commonwealth of Pennsylvania discharged and loaded cargo therein, been supplied services and handled therein and is subject to service of process under the applicable rules of law in admiralty practice and the statutes of the Commonwealth of Pennsylvania.

5. Plaintiff was the shipper, consignee or owner of the cargo described more further below, and brings this action on its own behalf and as agents and trustees on behalf of and

for the interests of all parties who may be or become interested in said shipment, and cargo as their respective interests may ultimately appear, and plaintiff is duly entitled to maintain this action.

### Jurisdiction and Venue

6. Plaintiff by and through its attorneys, Dugan, Brinkmann, Maginnis and Pace, hereby brings this suit against the defendants under the provisions of 28 U.S.C. §1333, as this is an admiralty and maritime claim within the meaning of Rule 9(h) and the supplemental Admiralty Rules of the Federal Rules of Civil Procedure. In addition, jurisdiction is invoked pursuant to 28 U.S.C. §1377 as this is an action arising under an Act of Congress regulating commerce, specifically, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §1300 *et seq.* and the Harder Act of 1893, 46 U.S.C. §§190-196.

7. Venue lies within the Eastern District of Pennsylvania under the provisions of 28 U.S.C. §1391.

### COUNT I

8. In or about January of 2012, in Paita, Peru, 4,916 boxes of Peruvian mangoes consigned to plaintiff were delivered in good order and condition aboard the M/V APL MANAGUA for transportation to the United States and delivered to the vessel in Peru in like good order and condition.

9. In or about January of 2012, the aforesaid shipment was loaded aboard said vessel and a clean on-board bill of lading numbered APLU902239140 for container numbered TRIU8122374 was issued acknowledging receipt on the vessel of the said shipment in good order and condition.

10. Thereafter, the cargo was transshipped on the vessel M/V APL SPINEL.

11. Thereafter, various goods were delivered by the above named defendant to plaintiff, whereupon it was discovered that plaintiff's goods were not in like good order and condition as when received aboard the M/V APL MANAGUA, but were instead damaged, deteriorated in value and unfit for sale or use.

12. The aforesaid damage and loss of plaintiff's cargo was the result of breaches by the defendant of its obligations as a common carrier of goods, of breaches by it of the lawful terms and conditions of the bill of lading issued by it.

13. By reason of the breaches of the defendant of the lawful terms and conditions of the bill of lading issued by it and the breaches of the defendant and its obligations as a common carrier of goods, plaintiff has sustained damage and loss in an amount in excess of Nine Thousand Dollars ($9,000.00).

14. The aforesaid damage and/or loss of plaintiff's cargo was caused by the unseaworthiness of the vessel and the negligence of the above-named defendant, their agents, servants and employees in:

    a. failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

    b. failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

    c. failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

    d. failing to use proper care under the circumstances; and

    e. Failing to provide the proper temperature;

    f. other and further particulars which will be shown at the time of trial.

15. By reason of all of the above defendant's negligence and lack of due care and the failure of the defendant to provide a seaworthy place for the handling, stowage, carriage and discharge of plaintiff's goods and the lack of appropriate stowage aboard the said vessel has suffered damages and loss in excess of Nine Thousand Dollars ($9,000.00).

16. Notice of claim and claim have been filed with the defendant, but it has failed and refused to pay all or any part of the loss which has been sustained by plaintiff.

17. All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

WHEREFORE, plaintiff prays that:

1. Process in the due form of law, according to the practice of this Court issue against the defendant inviting them to appear and answer all and singular the matters aforesaid.

2. If the defendant cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by them or any vessel owned or operated by them or any equipment, storage or gear on any vessel be attached by process of attachment as provided in the admiralty Rules in the amount of Nine Thousand Dollars ($9,000.00).

3. Judgment be entered on behalf of plaintiff and against the defendant plus interest and costs of this action.

4. Plaintiff have such other and further relief in the premises and in law and justice as it may be entitled to receive.

- 5 -

                DUGAN, BRINKMANN, MAGINNIS AND PACE

        BY:       _____EM871_____
                     Eugene J. Maginnis, Jr., Esquire
                     1880 John F. Kennedy Boulevard
                     Suite 1400
                     Philadelphia, PA 19103
                     (215) 563-3500
                     ATTORNEY FOR PLAINTIFF

Dated: February 5, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Amazon Produce Network, LLC | : | Civil Action |
| | : | |
| v. | : | No. |
| | : | |
| American President Lines a/k/a APL | : | |

DISCLOSURE STATEMENT FORM

Please check one box:

- ■ The nongovernmental corporate party, _____Plaintiff_____, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.
- ☐ The nongovernmental corporate party, _____, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____

| 02/05/13 | EM871 |
|---|---|
| Date | Signature |

Counsel for: _____Plaintiff_____

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

(a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental corporate party to an action or proceeding in a district court must file two copies of a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.

(b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:
   (1) file the Rule 7.1(a) statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and
   (2) promptly file a supplemental statement upon any change in the information that the statement requires.